# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## ALEXANDER DIVISION

Luda Cannon

        Plaintiff

vs.                                  Case No. _____

AMAL LLC
D/b/a/ Country Inn & Suites by Radison,
Potomac Mills Woodbridge Virginia

        Defendant.                ***JURY TRIAL DEMANDED***

_____/

## COMPLAINT

Plaintiff, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the for Injunctive Relief, attorneys fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

1. Plaintiff, is an individual residing at 524 West Main Street, Maple Shade Township Burlington County, State Of New Jersey.

2. Defendant's hotel property is located at 2621 Prince William Parkway, Woodbridge, Virginia 22192 near to Exit 158 of I 95. Defendant's corporate name is AMAL LLC and does business as Country Inn and Suites by Radisson Potomac Mills, Woodbridge , Va.

3. Venue is properly located in the Eastern District of Virginia because Defendant's property is located in and does business within this judicial district.

1

4. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

5. Plaintiff Luda Cannon is a New Jersey and Florida resident and qualifies as an individual with disabilities as defined by the ADA because she is mobility impaired for which she uses a walker.

**6.** Plaintiff Luda Cannon was a patron of the subject property on August 13 and 14, 2021 and she would like to return to the property for in November, 2021 and April 2022 when she travels to and from Florida.  The Plaintiff has encountered architectural barriers at the subject property which impairs her use of the hotel.  These architectural barriers also impair her safety.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as a Country Inn & Suites by Radisson, Potomac Mills Woodbridge, VA and is located at 2621 Prince William Parkway , Woodbridge, Virginia 22192.

8. Luda Cannon  has a realistic, credible, existing and continuing threat of discrimination  from the Defendants noncompliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Cannon desires to visit the subject hotel not only to avail herself of the goods and services available at the property but to assure

herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Defendants' hotel has shown that violations exist. These violations that Cannon personally encountered, and which were verified by an ADA expert, include, but are not limited to:

   a. The wheelchair route to allegedly accessible guestroom from the exterior is not property accessible having improper thresholds, improper slopes and cross slopes, and improper handrails etc. There is a curb cut on the left, if facing the building, it has no detectable warnings, contrary to ADAAG  The curb cut on the side of the building on the left is too steep 9.6%, contrary to ADAAG. The threshold at the top of curb cut is almost an inch, contrary to ADAAG. Ramp has no level landing at the bottom of the ramp. Railing shall extend to 12 in beyond a level Path to the dining area is on the excessive cross slope approx. 4.5% contrary to ADAAG 305.

   b. There are no accessible parking spaces immediately near the allegedly accessible guestroom.

   c. The hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various class of accommodations. Indeed the hotel advertises on its web site that it has the appropriate amount of "accessible rooms" but, for example, it does not supply "accessible rooms" with two beds. Only one bed was in the plaintiff's room and there were no other rooms called "accessible."

   d. Her "accessible room" was not accessible because its doors are too heavy, there is not enough turn around clearance in the room, items are too high. the roll in shower is dangerous with the seat sloped towards the drain.

  e. Upon information and belief, there are no policies and procedures in place for Plaintiff and other wheelchair users to self-park at Defendant's hotel and have a selection of "accessible rooms."

  f. Parking by the front entrance is not maintained. For example, grass is growing through the creaks in the black top; such lack of maintenance is a violation of 28 CFR 36.211.

  g. Plaintiff was unable to make an online reservation for an accessible guestroom for his planned return visit to Defendant's hotel, in violation of Section 36.302(e)(1).  28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> *Reservations made by places of lodging.  A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party shall:*
>
> *(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;*
>
> *(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;*
>
> *(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;*
>
> *(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and*
>
> *(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.*

When the accessible features of the facility are not maintained they create barriers to access.

    h.  In the "accessible guestroom" the path between the bed and a TV stand is only 33 and 31 inches wide in some spots — 36 in is a minimum. Room at the side of the bed next to a bathroom wall is 29 in wide.

    i.  There is no designated path of travel to the public sidewalks and nearby businesses.

  11.  All of the foregoing violations are violations of the 2010 Standards for Accessible Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

  12.  The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendants' ADA violations.  Plaintiff require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of noncompliance with the Americans with Disabilities Act.

  13.  Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18. Plaintiff Cannon reserves the right to file an administrative remedy   under Chapter 39 of the Virginia Human Rights Act. § 2.2-3900 et al.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

<u>/s/ Barry Weintraub</u>
Barry Weintraub
32 Hayes St.
Stafford VA 22556
540-658-9980
703-963-2595
4110ffice@gmail.com